**UNITED STATES of America, Appellant,**

v.

**CHEROKEE BRICK & TILE COMPANY, Appellee.**

**No. 15199.**

United States Court of Appeals, Fifth Circuit.

Jan. 21, 1955.

Carolyn R. Just, Ellis N. Slack, Hilbert P. Zarky, Sp. Assts. Atty. Gen. D. of J., H. Brian Holland, Asst. Atty. Gen., Washington, D. C., Frank O. Evans, U. S. Atty., Macon, Ga., for appellant.

Joseph B. Brennan, Atlanta, Ga., Charles J. Bloch, J. Rene Hawkins, Macon, Ga., W. A. Sutherland, Atlanta, Ga., Bloch, Hall, Groover & Hawkins, Macon, Ga., Sutherland, Asbill & Brennan, Atlanta, Ga., of counsel, for appellee.

Before HOLMES, BORAH, and RUSSELL, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is by the United States from a judgment in favor of the Cherokee Brick and Tile Company, which is engaged in mining common brick and tile clay. The taxpayer uses the raw clay to produce burnt brick, which it sells as the finished product. The judgment was entered pursuant to an opinion of the district court, which is reported in 122 F.Supp. 59, to which reference is made for a more detailed statement of the issues of law and fact presented on this record. In brief, the question is should the taxpayer's gross income from

mining be permitted to include transforming the clay into brick or tile by an extrusion or molding machine, by burning the units in kilns, and by loading the burnt brick and tile for shipment?

The processes are the ordinary ones in the industry in mining raw clay and producing burnt brick and tile. The Commissioner used the allocation of taxpayer's costs to the several processes as shown in its books and records. The taxpayer paid the deficiency assessed, and filed a claim for refund which was rejected by the Commissioner. After institution of this suit for refund, both parties filed motions for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure, 28 U. S.C.A. The court below granted the taxpayer's motion, holding that the first commercially marketable mineral product was obtained only after all the processes of manufacturing brick and tile had been completed.

The Government contends that clay rarely requires much preparation to make it marketable; that a percentage depletion allowance is granted under Sec. 114(b) (4) (A) (i), 26 U.S.C.A., to mineral deposits of clay, but not of brick and tile; and, specifically, that clay has reached the form of the first commercially marketable mineral product at the time it enters the pugmill, when crushing, grinding, weathering, and final tempering are completed. It argues that subsequent manufacturing processes may make the products produced from clay more saleable, but the first commercially marketable mineral product is the clay itself.

It is obvious that brick and tile clay is not an ore, since an ore is a mass from which some valuable constituent is extracted, and nothing is extracted from brick and tile clay. The following part of the definition of ore is found in Webster's New International Dictionary; unabridged: "Any material containing valuable metallic constituents for the sake of which it is mined and worked." In Armstrong v. Lake Champlain Granite Co., 147 N.Y. 495, 501, 42 N.E. 186, 187, it was held that the word "ore" has a definite signification, and designates a compound of metal and some other substance. Many other authorities to the same effect are named in the brief of appellee, but we deem it unnecessary to cite them. In our opinion, the crucial point in this case is one of fact, not of law; and the pleadings admit that fact to be against the Government.

█ The statutory language is clear and unambiguous, which is that gross income from mining must include the income from ordinary treatment processes which must be applied to the ore or mineral in order to obtain the commercially marketable mineral product, that is, the first product which is marketable in commerce. There is no provision in the statute for excluding any process before such a marketable product is reached. The only restriction is that the processes must be the ordinary treatment processes normally applied by mine owners or operators.

█ The complaint alleges that, of the brick and tile clay mined in the United States, there is opportunity for the sale of only a negligible quantity before it is put into the form of burnt brick and tile. This allegation is admitted in the answer of the appellant. For this and other reasons (but mainly for this one) stated in the opinion of the district court, above cited, the judgment appealed from should be affirmed.

Affirmed.

Judge RUSSELL, though absent, was vouched in but on account of illness took no part in the final decision or in the preparation of the opinion in this case.